UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT G. SCHEPPERLE,

    Plaintiff,

v.                                            Case No.:  6:21-cv-926-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Robert G. Schepperle seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.     **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        A.     **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.  Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on January 13, 2017, alleging disability beginning December 31, 2012. (Tr. 152, 309-310). Plaintiff later amended the alleged onset date to February 13, 2015.

(Tr. 15). The application was denied initially and on reconsideration. (Tr. 152, 168). Plaintiff requested a hearing and on December 6, 2018, a hearing was held before Administrative Law Judge Mary Brennan ("ALJ"). (Tr. 117-151). On February 19, 2019, the ALJ entered a decision finding Plaintiff not disabled from December 31, 2012, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 2020. (Tr. 189-202). On March 2, 2020, the Appeals Council ordered the case remanded to the ALJ to consider additional evidence submitted to it. (Tr. 209-211).

On remand, the ALJ held a second hearing on July 23, 2020. (Tr. 40-66). On January 6, 2021, the ALJ entered a second decision finding Plaintiff not under a disability from February 13, 2015, the amended alleged onset date, through December 31, 2018, the date last insured. (Tr. 15-28). Plaintiff requested review of the hearing decision, but on April 15, 2021, the Appeals Council denied Plaintiff's request. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on May 28, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 23).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his amended alleged onset date of February

13, 2015, through his date last insured of December 31, 2018. (Tr. 17). At step two, the ALJ found through the date last insured that Plaintiff had the following severe impairments: "status post cervical fusion; lumbar disc disease; left shoulder osteoarthritis and possible rotator cuff tear; depression; and trauma disorder." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 §§ C.F.R. 404.1520(d), 404.1525, and 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that he could never climb ladders, ropes, or scaffolds. He could frequently crouch and kneel. He could occasionally climb ramps and stairs, balance, stoop, and crawl. He could occasionally reach overhead with his left arm. He could maintain occasional interactions with coworkers, the public, and supervisors.

(Tr. 20).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. (Tr. 26). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (50 years old on the amended alleged onset date), education (at least high school), work experience, and RFC, there are jobs that

existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26-27). Specifically, the ALJ found that Plaintiff could perform such occupations as:

    (1)   cleaner, housekeeping, DOT 323.687-014,[1] light, SVP 2

    (2)   electronic assembler, DOT 729.687-010, light, SVP 2

    (3)   stock checker, apparel, DOT 299.667-014, light, SVP 2

(Tr. 26-27). The ALJ concluded that Plaintiff had not been under a disability from February 13, 2015, the amended alleged onset date, through December 31, 2018, the date last insured. (Tr. 27).

## II.    Analysis

On appeal, Plaintiff raises one issue: whether the ALJ provided an adequate rationale based on substantial evidence when evaluating the medical opinions of record under the regulations. (Doc. 29). Specifically, Plaintiff contends that the ALJ did not properly consider the weight of the opinions of treating physicians Roy Thomas, Jr., M.D. and Anh Stein, M.D., and consultative examiner Homi Cooper, M.D. (Doc. 29, p. 17, 19, 21). The Commissioner contends that substantial weight supports the ALJ's decision regarding these medical providers' opinion. (Doc. 33, p. 7-19).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

### A. Standard for Evaluating Medical Providers' Opinions

For disability cases filed before March 27, 2017[2] – such as this one – at step four, an ALJ must properly consider treating, examining, and non-examining physician's opinions and weigh these opinions and findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician offers an opinion concerning the nature and severity of a claimant's impairments—including the claimant's symptoms, diagnosis, and prognosis; physical and mental restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence;

---

[2] For disability cases filed after March 27, 2017, new regulations apply and the ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. *See* 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a).

(2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Even though examining doctors' opinions are not entitled to deference, an ALJ is still required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

Plaintiff claims that an RFC for light work typically requires an ability to stand and or walk for a total of 6 hours in an 8-hour workday. Plaintiff argues that this RFC limitation is inconsistent with the opinions of Dr. Thomas, Dr. Stein, and Dr. Cooper. (Doc. 29, p. 17).

### B. Dr. Thomas

In September 2017, Dr. Thomas drafted a letter to the Department of Veterans Affairs concerning Plaintiff. (Tr. 1217). In the letter, Dr. Thomas represented he was Plaintiff's primary care provider. (Tr. 1217). Dr. Thomas explained that Plaintiff was afflicted with several chronic pain and mobility problems making it difficult for him to maintain gainful employment. (Tr. 1217). Dr. Thomas discussed Plaintiff's 1986 motor vehicle accident while he was on active duty in the military that resulted in chronic low back pain due to post traumatic degenerative arthritis and disc disorder. (Tr. 1217). Dr. Thomas found these injuries caused an inability to bend, stoop, or lift objects heavier than 5 pounds. (Tr. 1217). Dr. Thomas added that according to Plaintiff, he had to leave his job due to inability to perform the physical requirements of the job and he could not sit in a chair for more than a few minutes due to increased pain. (Tr. 1217). Plaintiff also related that he could not perform any leisure activities such as bowling, golf, skiing, running, and prolonged walking and could not do yard work, cleaning, or home maintenance. (Tr. 1217). Dr. Thomas mentioned that Plaintiff injured his neck in a motor vehicle accident in 2008, and had cervical surgery, which left him with severely decreased range of motion in the neck. (Tr. 1217). Finally, Dr. Thomas mentioned that Plaintiff injured his shoulder

in 2017, and sustained a partial tear of the rotator cuff tendon causing chronic pain and loss of function contributing to his limitations. (Tr. 1217).

In the decision, the ALJ accurately summarized Dr. Thomas' opinion. (Tr. 25). After the summary, the ALJ found:

> The undersigned gives this opinion little weight, as it is inconsistent with the record, inconsistent with exam findings, fails to provide specific functional limitations, and appears to be based solely on the claimant's subjective complaints. While Dr. Thomas characterizes himself as the claimant's primary provider, the claimant had very few visits with Dr. Thomas. There was only one visit with Dr. Thomas in 2017, and then another provider assumed primary care (19F/289). The claimant saw Dr. Thomas for right shoulder pain in September 2017 at which time he requested a letter for disability (19F/321). It appears the claimant simply told Dr. Thomas his problems and Dr. Thomas drafted this letter based solely on claimant's subjective complaints. Significantly, his actual exams show only minimal findings (19F/321-324). Thus, the undersigned gives this opinion little weight.

(Tr. 25). In sum, the ALJ afforded little weight to Dr. Thomas' opinion based on: (1) the opinion failed to provide specific functional limitations; (2) the opinion was "based solely" on Plaintiff's subjective complaints; (3) Plaintiff saw Dr. Thomas only a few times, with only one visit in 2017 for right shoulder pain and for help with his disability claim; (4) the opinion letter was based on what Plaintiff told Dr. Thomas; and (5) the actual examinations showed only minimal findings. (Tr. 25).

Plaintiff claims the RFC, which limits him to light work, is inconsistent with Dr. Thomas' December 2014 opinion. At the 2014 visit, Plaintiff claims Dr. Thomas prescribed a walking cane, heating pad, TENS unit, and back exercises. (Doc. 29, 17

(citing Tr. 920)). The treatment note reads: "PT [physical therapy] for walking **cane**, heating pad, TENS unit, back exercises; prosthetics for lumbar support." (Tr. 920). First, this visit occurred in December 2014, before the alleged amended onset date. Second, while Dr. Thomas referred Plaintiff to physical therapy for a walking cane, heating pad, TENS unit, back exercises, and a prosthetics for lumbar support, this treatment record does not discuss any functional limitations. (Tr. 920). Nor does the later 2017 opinion refer to this treatment note or explain how this treatment note supports Dr. Thomas' 2017 findings of significant limitations. (Tr. 920, 1217).

After review, the Court agrees with the ALJ's assessment that Dr. Thomas' 2017 letter parrots Plaintiff's subjective statements to Dr. Thomas at his September 20, 2017 visit. (*Compare* Tr. 1217, *with* Tr. 1614). For example, Dr. Thomas found Plaintiff "cannot sit in a chair for more than a few minutes because of increased pain" (Tr. 1217). This statement mirrors Plaintiff's subjective statement to Dr. Thomas at the September 2017 visit that "he even has problems sitting in a chair for more than a few minutes as he develops considerable pain in [the]lower back causing him to have to stand up and move around before sitting again." (Tr. 1615). Much of the remaining letter also mirrors Plaintiff's subjective statements from the September 2017 visit. (*Compare* Tr. 1217, *with* Tr. 1614-15). And arguably most of the functional limitations are based on Plaintiff's subjective statements rather than Dr. Thomas' examination findings.

Plaintiff next argues that the ALJ improperly found that Dr. Thomas' opinion is inconsistent with the record, inconsistent with the exam findings, and fails to provide specific functional limitations. (Doc. 29, p. 18-19). Dr. Thomas mainly saw Plaintiff for an annual physical exams, and in September 2017 for shoulder pain. (Tr. 862-64, 897-99, 1614-17). In the December 2015 annual physical, on examination, Dr. Thomas found Plaintiff's back was nondeformed, nontender, and straight leg raises were negative. (Tr. 897-98). Dr. Thomas also found Plaintiff's chronic low back pain was in remission. (Tr. 899). In the December 2016 annual physical, Plaintiff complained that his low back pain had been flaring up. (Tr. 862). Dr. Thomas found Plaintiff's gait slightly antalgic. (Tr. 863). On examination, he found Plaintiff's back nondeformed, nontender, and straight leg raises caused pain in the lower back, non-radiating bilaterally. (Tr. 864). Plaintiff was able to toe walk, heel walk, and perform deep knee bends. (Tr. 864). In September 2017, Plaintiff saw Dr. Thomas for right shoulder pain from trying to clean up his garden and pick up yard trash caused by a hurricane. (Tr. 1614). As explained above, Dr. Thomas' opinion mirrored Plaintiff's subjective complaints from this visit. (Tr. 1614-15). On examination, Plaintiff's back was nondeformed, nontender, and his straight leg raises caused pain in the lower back non-radiating. (Tr. 1616). Plaintiff was again able to toe and heel walk, and able to do partial deep knee bends but stopped because

of pain. (Tr. 1616). These infrequent treatment records do not support Dr. Thomas' findings of significant limitations for Plaintiff.

Plus, in the decision, the ALJ discussed other evidence in the record that was inconsistent with Dr. Thomas' opinions. For instance, at an April 2015 VA disability examination, the examiner noted muscle strength of 5/5 and no functional limitations. (Tr. 23, 1008-14). Likewise, in a March 2018 hospitalization for syncope (which, according to the records, was most likely caused by dehydration from working outside on a boat all day), Plaintiff was able to walk 75 yards without gait imbalance. (Tr. 23, 1279). And while Plaintiff cites some records showing findings that support his claim, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

Here substantial evidence supports the ALJ's decision. The ALJ established good cause to afford little weight to Dr. Thomas' opinion for the reasons set forth in the decision. Further, the ALJ applied the correct legal standard in consideration of this opinion.

### C.     Dr. Stein

In March and July 2020, Dr. Stein drafted letters about Plaintiff's condition. (Tr. 1662, 1663). In the March 2020 letter,[3] Dr. Stein explained that she was Plaintiff's primary care physician, and he had several chronic pain and mobility problems making it difficult to maintain gainful employment. (Tr. 1662). This letter incorporated Dr. Thomas' entire September 2017 letter almost word-for-word. (*Compare* Tr. 1662, *with* Tr. 1217). Dr. Stein added that Plaintiff was reporting worsening of his chronic back pain, had been referred to an acupuncturist and chiropractor, was using a TENs unit, and included the results of a recent MRI. (Tr. 1662). In a later July 2020 letter, Dr. Stein wrote that she had known Plaintiff since December 2017. She reported that he had chronic pain especially in the lower back and the back pain and range of motion had been worsening. (Tr. 1663). The pain affected his sleep. (Tr. 1663). Dr. Stein reported Plaintiff had unstable gait and continued to require the use of a walker – which she recommended – and continued to require the use of a TENS unit, and back brace. (Tr. 1663). Dr. Stein found Plaintiff unable to work[4] and placed a consult to pain management to review his chart and make further recommendations on medical treatment. (Tr. 1663).

---

[3] It appears that Dr. Stein wrote a prior letter for Plaintiff and Plaintiff was dissatisfied with it. (Tr. 1410). Plaintiff called Dr. Stein's office to ask to write a better letter that looked more like Dr. Thomas' letter and Plaintiff added some suggestions of language to include in the letter. (Tr. 1410).

[4] Whether a plaintiff can work is a matter reserved for the Commissioner. (Tr. 1217, 1663). *See Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (finding that the RFC determination

In the decision, the ALJ summarized Dr. Stein's opinions and found:

> In March 2020, treating provider Anh Stein, M.D., submitted a letter identical to Dr. Thomas's letter at Exhibit 15F (19F/111, 20F). It is notable that Dr. Stein provided a prior statement that claimant felt was insufficient. Claimant then gave Dr. Stein a copy of Dr. Thomas's letter, which Dr. Stein then simply reiterated (19F/117). In July 2020, Dr. Stein further opined that he could not work due to his chronic pain (21F). The undersigned gives these opinions little weight, as they are inconsistent with the record, and like Dr. Thomas's letter, Dr. Stein's letter is based solely on subjective complaints. In addition, Dr. Stein's recent letters are dated after the date last insured. Further, the limitations opined by Dr. Stein, are inconsistent with her exam findings or those of the medical consultative exam and the VA disability examiner. Thus, the undersigned gives these opinions little weight.

(Tr. 26). Because Dr. Stein's March 2020 letter mainly copied Dr. Thomas' September 2017 letter, the ALJ afforded Dr. Stein's March 2020 little weight. For the same reasons the Court found substantial evidence supported the ALJ's decision in affording little weight to Dr. Thomas' opinion so too does the Court find the ALJ's decision is supported by substantial evidence as to Dr. Stein's March 2020 opinion.

As to the July 2020 opinion, Plaintiff must show that it relates to the relevant period. For a period of disability and disability insurance benefits, Plaintiff must prove that he was disabled before his date last insured of December 31, 2018. *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014). If he became disabled after his date last insured, then his claim must be denied despite his disability. *Mason v.*

---

and ability to work is within the province of the ALJ, not of doctors).

*Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011). Dr. Stein stated that she had known Plaintiff since December 2017, but did not relate his worsening back pain, decreased range of motion of the back, unstable gait, continued use of a walker or TENS unit, and back brace to the relevant time period. (Tr. 1663). And Plaintiff cites a January 2020 examination and the July 2020 opinion regarding a need for a walker, all of which were long after the date last insured of December 31, 2018. (Doc. 29, p. 19). In short, the ALJ established good cause to discount Dr. Stein's opinion, substantial evidence supports the ALJ's determination to afford little weight to Dr. Stein's opinion, and the ALJ correctly applied the proper legal standard.

### D. Dr. Cooper

On March 9, 2017, Dr. Cooper conducted a consultative examination and provided a functional assessment/medical source statement. (Tr. 1095-1100). Plaintiff had a normal range of motion in the cervical spine, he declined any movement of the lumbar spine, stating it would cause too much pain, he had full range of motion in other areas, but his movements were done slowly, " projecting excessive amounts of pain with rapid deep breathing and perfunctorily." (Tr. 1098). Plaintiff had good vertebral posture and no cervical or thoracic muscle spasms. (Tr. 1098). Straight leg raises were suboptimal. (Tr. 1098). Plaintiff wore a lumbosacral support and relied extremely heavily on a cane in his right hand, but the examination was done without any assistive devices. (Tr. 1098). Dr. Cooper found full strength

in the upper and lower extremities, no muscle wasting, muscle tone was normal, and pinch grip and handgrip strength were normal. (Tr. 1098). He also found during the Coordination, Station, and Gait portion of the examination, there was marked somatization. (Tr. 1099). In that regard, he found Plaintiff walked slowly and cautiously with a broad wide-based gait. (Tr. 1099). Plaintiff declined to walk on heels and toes and balance on each foot, and Dr. Cooper found Plaintiff's tandem gait was done perfunctorily. (Tr. 1099).

In the decision, the ALJ accurately summarized Dr. Cooper's findings. (Tr. 21). Later in the decision, the ALJ afforded them only partial or little weight:

> The medical consultative examiner opined that the claimant could stand and walk for 15 to 20 minutes at a time and for 3 to 4 hours in an 8-hour day. He could sit for 5 to 6 hours in an 8-hour day. His cane was not medically necessary. He could lift and carry 10 to 15 pounds frequently and 25 to 30 pounds occasionally. He could bend, stoop, crouch, crawl, and climb occasionally. He could not work on ladders or scaffolds. He needed to avoid work in extreme temperatures for prolonged periods (11F). The undersigned gives this opinion only partial weight, as it is inconsistent with his own exam findings or other clinical exams in the record. The clinical findings do not demonstrate the need for a sit/stand option or more postural and environmental limitations than the residual functional capacity provides. During the consultative exam, claimant's muscle strength was 5/5 throughout. His muscle tone was normal. Pinch and handgrip strength were normal. Sensation was intact throughout. The examiner noted marked somatization with his gait (11F). Therefore, the undersigned gives this opinion little weight.

(Tr. 25).

Plaintiff argues that the ALJ did not sufficiently explain why she gave only partial weight to Dr. Cooper's opinion. (Doc. 29, p. 21). Plaintiff claims that while true that during the examination, his muscle strength and muscle tone were normal, the ALJ fails to explain how these findings are inconsistent with Dr. Cooper's opinion. (Doc. 29, p. 21). Plaintiff also argues that Dr. Cooper reviewed the December 2014 x-rays of the lumbar spine, noted the 2016 cervical spine surgery, and that Plaintiff declined certain testing due to pain. (Doc. 29, p. 21). Plaintiff claims that Dr. Cooper's findings are not inconsistent with treatment records and x-ray reports. (Doc. 29, p. 22).

As a consultative examiner, Dr. Cooper's opinion is not entitled to deference. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009. The ALJ provided reasons why she did not adopt Dr. Cooper's findings. The ALJ noted that Dr. Cooper found Plaintiff's muscle strength was 5/5 throughout the consultative examination, muscle tone was normal, pinch and handgrip strength were normal, sensation was intact, and he had marked somatization with his gait. (Tr. 23, 25). In contrast to these findings, the ALJ noted that during another exam, Plaintiff performed toe and heel walk, and deep knee bends without difficulty and Plaintiff's medical history suggested no radiculopathy. (Tr. 23). The ALJ also noted that Plaintiff "relied extremely heavily on the use of a cane in his right hand," but he completed the consultative examination without the

use of a cane, and Dr. Cooper found Plaintiff's use of both a cane and a lumbosacral support were probably not medically necessary. (Tr. 21, 1099). While Plaintiff cites evidence that supports affording Dr. Cooper's opinion more weight, Plaintiff must do more than point to evidence in the record that supports his allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). He must show the absence of substantial evidence supporting the ALJ's conclusion. *Id.* Here, the ALJ articulated clear reasons why he afforded partial or little weight to Dr. Cooper's opinion and substantial evidence supports the ALJ's consideration of this opinion.

### III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 7, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties